No. 33,005

The First National Bank in Wichita, Trustee, *Appellee*, v. The Magnolia Petroleum Company, *Appellant*.

(62 P. 2d 891)

Opinion filed December 12, 1936.

*R. R. Vermillion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston* and *George Stallwitz,* all of Wichita, for the appellant.

*John N. Free,* of Wichita, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action for a declaratory judgment touching the powers of the plaintiff as trustee of the estate of the late Charles F. Biddle, of Sedgwick county.

In his lifetime Biddle was a man of considerable means. He owned a large ranch in Comanche county and certain real property in Wichita. Early in 1926 he executed certain oil and gas leases on his Comanche county ranch which were to endure for ten years and as long thereafter as gas or oil was produced thereon. The leases provided for the usual one-eighth royalty on the oil and gas produced, and also provided that development might be deferred by the payment of a yearly rental of ten cents per acre.

On March 29, 1927, Biddle died testate. In his will he made generous provision for his widow and for his own three children by a former marriage, and for his two stepchildren, who were the children of his surviving spouse.

The estate was wound up by the executor in due season, and the property passed into the hands of the plaintiff as trustee under certain powers whose scope is the matter of present concern. The pertinent parts of Biddle's will read:

"Item 2: I direct that my estate, consisting chiefly of a ranch of about ten thousand acres in Comanche county, Kansas, and an apartment house on Oakland avenue, in the College Hill district of Wichita, Kan., be kept intact and that no final distribution thereof be made until the death of my last surviving child or stepchild, my stepchildren being the children of my wife, Frances Emma Biddle.

"Item 3: I direct that my . . . trustee hereinafter appointed, take title to all of my estate, real and personal, not hereinafter specifically devised, and hold, rent, manage and control the same until the death of my last surviving child or stepchild, for the purpose and in the manner herein specified.

. . . . . . . . . . . . . . . . . .

"Item 5: I give and devise to my wife, Frances Emma Biddle, one half of the net income of my entire estate, not heretofore or hereinafter specifically devised during her natural life. The net income of the other half of my said estate is to be divided equally among my three children and my two stepchildren, being the children of my wife. My three children are named, respectively, Effa Rachel Huxford, Lillian May Dauntler, Ella J. Unger. And the names of my wife's children are Mary Smith, Philo Gregg.

"Upon the death of my said wife the net income of my entire estate to go to, and be divided equally among my said children and stepchildren aforesaid.

. . . . . . . . . . . . . . . . . .

"Item 7: Upon the death of my wife I desire the net incomes of all of my property not hereinafter or heretofore specifically devised, to be divided equally among my three children, Effa Rachel Huxford, Lillian May Dauntler, and Ella Unger, and the two children of my wife, Mary Smith and Philo Gregg; each child to receive a one-fifth (1/5) part thereof.

. . . . . . . . . . . . . . . . . .

"Item 12: It is my desire that my ranch property and my apartment house be kept in good order, the same as I have kept and maintained them during my lifetime.

. . . . . . . . . . . . . . . .

"Item 14: I direct my executor and trustee, in the management of my estate, to follow as nearly as possible and practicable, the general policy I have pursued in the management of my estate.

. . . . . . . . . . . . . . . .

"Item 16: I desire the trustee, by me appointed, to hold title to, manage and control my real estate, to rent the same to the best advantage, to conserve the same, to collect rent and interest, and after payment of taxes and the making of necessary repairs, to make an annual distribution of the net income of my estate, in the manner provided by my will . . ."

The parties now beneficially interested in the estate are Biddle's three children and his two stepchildren—his widow having died in the interim.

In the early part of 1936 the principal term of the ten-year leases for oil and gas on the Comanche county ranch expired. Hitherto there has been no oil or gas produced on it; but the stipulated annual rental for postponing development has been paid, and the trustee and the lessee have made satisfactory negotiations for the renewal of the leases. However, the lessee hesitates to pay the considerable annual rental (10 cents per acre on 10,709 acres) without an authoritative adjudication that the trustee has power to execute a renewal of the leases on the negotiated terms.

An appropriate issue to obtain a declaratory judgment was formulated and joined, and the trial court, being fully advised of all the pertinent facts, found—

" . . . that said trustee is still actively engaged in the handling of said estate; that all of the children referred to in said will are still living (the widow, however, being dead) and that the trustee, in executing said oil and gas leases, is following a course close to that pursued by the decedent during his lifetime and as directed in said will, in other words the trustee is doing that which the said decedent had himself done during his lifetime, and the court therefore finds that said oil and gas leases are merchantable, valid and subsisting."

Judgment was entered accordingly, the court holding—

" . . . that the plaintiff as trustee under the last will and testament of C. F. Biddle, deceased, has the authority under and by virtue of the terms of said will to execute oil and gas leases covering the above-described real estate and that said oil and gas leases hereinbefore referred to are merchantable, valid and subsisting."

Out of abundance of caution the case is brought here to ascertain what we think about it.

Where the purposes of a trust are legitimate and are clearly expressed by its founder, there is no occasion to examine the general rules of law touching the powers of the trustee, nor to write a dissertation on his right to exercise those powers. (*In re White's .Will,* 238 N. Y. S. 559, 561-562; 3 Bogert's Trusts and Trustees, 1733 *et seq.;* 65 C. J. 497-498; Restatement, Trusts, § 164.)

Here the purposes of the founder are stated in language so simple and comprehensive that nothing is left for interpretation. The trustee is directed to rent, manage and control the Comanche county ranch, following "as nearly as possible and practicable, the general policy" pursued by the testator himself. The testator leased the. ranch for oil and gas prospecting and development and agreed to accept 10 cents an acre per annum for the postponement of the time in which prospecting and development of the gas and oil possibilities of the ranch should be commenced. In leasing the ranch the trustee was exercising a power specifically conferred on him by the will, and following as nearly as practicable the policy of the testator; and the trial court's judgment was correct.

The judgment is affirmed.